```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD,           )
          Petitioner,         )
                              )
     v.                       )  C.A. No. 04-40084-RGS
                              )
DAVID L. WINN,                )
          Respondent.         )
```

## MEMORANDUM AND ORDER

For the reasons set forth below, the Application to Proceed Without Prepayment of Fees is denied; the Section 2241 petition is summarily dismissed; and petitioner shall demonstrate good cause why he should not be enjoined from filing further actions without leave of court.

## BACKGROUND

On May 18, 2004, Joseph Marion Head, a federal prisoner[1] now confined to FMC Devens in Ayer, Massachusetts, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition names Warden Winn and the United States of America as respondents and challenges his "illegal Phy. Committment (sic) and Illegal Forced Medican (sic) Hearing etc relating thereto." See Petition, p. 1. On May 26, 2004, petitioner filed an Application to Proceed

---

[1] Petitioner is now serving a 360-month sentence that was imposed pursuant to his convictions on nine counts of mailing threatening communications in violation of 18 U.S.C. § 876. See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept. 12, 2001).

Without Prepayment of Fees and Affidavit accompanied by his inmate account statement.  See Docket No. 2.

The instant action is Mr. Head's third habeas action in this district.  See Head v. State of North Carolina, 04-10522-RGS (§ 2254 action; dismissed); and Head v. Winn, C.A. No. 04-40042-RGS (§ 2241 action; pending).

As noted in this Court's Order dated May 13, 2004, petitioner has filed dozens of actions in several district courts of the United States.  See 5/13/04 Order, Head v. State of North Carolina, 04-10522-RGS.  Mr. Head "has been involved in over 165 cases in the State of North Carolina and over 47 cases in the federal district courts, the majority of which were dismissed as either frivolously filed or filed in violation of pre-filing injunction orders issued by the North Carolina District Courts."  See Head v. Williamson, C.A. No. 5:03-0063 (S.D.W.V. June 30, 2003) (Proposed Findings and Recommendations, Docket No. 6); see also United States v. Head, No. 4:98CR102 (W.D.N.C. Nov. 19, 2002) (Memorandum and Order, Docket No. 87).  Because of his harassing conduct of flooding the Western District of North Carolina with frivolous petitions and motions, Mr. Head was directed to cease such activity and is subject to a pre-filing injunction.  See In re: Joseph Marion Head, Jr., No. 4:93CV16, 1993 WL 266949

(W.D.N.C. Jan. 27, 1993).

## DISCUSSION

I.  <u>The Application to Proceed Without Prepayment of Fees</u>

A party filing a habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees on the form required by this Court.  <u>See</u> 28 U.S.C. § 1914(a) (fees); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).

The inmate account statement accompanying the Application indicates that petitioner has $40.74 in his prison account. On this record, the Court denies petitioner's Application to Proceed Without Prepayment of Fees.  Because the petition is subject to dismissal, the Court will not direct petitioner to pay the $5.00 filing fee for this action.

II.  <u>The Petition is Subject to Dismissal</u>

Although the instant habeas petition is brought pursuant to Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  <u>See</u> Rule 1(b) of the Rules Governing Section 2254 proceedings; <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).

To the extent petitioner brings this action concerning his state and federal convictions, such claims are subject to dismissal.  Because petitioner is no longer in custody with respect to his expired North Carolina state conviction, he cannot now challenge his state court conviction.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989).  Additionally, he cannot challenge his sentence as imposed by the Western District of North Carolina, <u>see</u> <u>United States v. Head</u>, No. 98-CR-102-ALL (W.D.N.C. Sept. 12, 2001) because he has not alleged that the remedy under Section 2255 is inadequate.  <u>See</u> <u>Calvache v. Benov</u>, 183 F. Supp. 2d  124, 126-127 (D. Mass. 2001).

Finally, to the extent he seeks to challenge his

involuntary civil commitment, those claims are now pending in Head v. Winn, C.A. No. 04-40042-RGS.  For these reasons, the instant petition for a writ of habeas corpus is subject to summary dismissal.

### III.   Petitioner Shall Demonstrate Good Cause Why He Should Not Be Enjoined From Filing

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).  Petitioner previously has been warned that the district court possesses this power.  See Head v. State of North Carolina, C.A. No. 04-10522-RGS (dismissed).

Petitioner's repeated filing of factually and legally deficient petitions concerning his confinement are a burden on this Court's time and resources.  Petitioner's behavior is an abuse of the processes of this Court for the administration of justice and appears to warrant the issuance of an order to the Clerk of this Court that the Clerk not file documents presented to the Clerk by petitioner absent leave by a judge of this Court.  See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances

involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same) Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

## ORDER

　　Accordingly, it is hereby

　　ORDERED, petitioner's Application to Proceed Without Prepayment of Fees is DENIED; and it is further

　　ORDERED, the petitioner's habeas petition is dismissed; and it is further

　　ORDERED, the petitioner is directed to demonstrate good cause, in writing, within forty-two (42) days from the date of this Memorandum and Order, why he should not be enjoined from filing new actions absent leave of Court.

SO ORDERED

Dated at Boston, Massachusetts, this 1st day of June, 2004.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE
