```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD, JR.,         )
            Petitioner,          )
                                 )
            v.                   )
                                 )     C.A. No. 04-40084-RGS
                                 )
DAVID L. WINN,                   )
            Respondent.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) the clerk is directed to docket petitioner's application to proceed without prepayment of fees and accompanying prison account statement; and (2) petitioner's application to proceed without prepayment of fees is GRANTED.

DISCUSSION

The Court's records indicate that an order dismissing this case was entered on September 17, 2004. By Memorandum and Order recently entered on the Miscellaneous Business Docket, the Clerk was instructed to docket petitioner's notice of appeal in the instant action. See In Re: Joseph Marion Head, Jr., M.B.D. No. 05-10281-RGS (Jul. 21, 2005 Memorandum and Order).

Now before the Court is petitioner's Notice of Appeal accompanied by an Application to Proceed Without Prepayment of Fees. Rule 4(a)(1)(A), Fed. R. App. P., provides that a timely notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Although the order dismissing this case was entered on September

17, 2004, three subsequent orders were issued by the Court on November 23rd, November 30th, and December 8th.

To the extent Mr. Head wishes to appeal from this Court's September 17, 2004 Order, the Court notes that the clerk failed to enter on the docket a separate judgement as required by Rule 58 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 58 ("[e]very judgment and amended judgment must be set forth on a separate document.").  A district court's failure to place the civil judgment on a separate document, even though the judgment was entered on the court's docket, precludes the beginning of the appeal period under Federal Rule of Appellate Procedure 4(a) for one-hundred and fifty days. See Quinn v. Haynes, 234 F.3d 837, 843 (4th Cir. 2000) see also Fed. R. Civ. P. 58(b)(2).

In this case, because the Court's judgment was not entered on a separate document, the thirty-day time limitation for filing an appeal in Fed. R. App. P. 4(a)(1)(A) did not commence on September 17, 2004.  Thus, Head's notice of appeal is timely.

To the extent petitioner seeks to proceed without prepayment of the $255 filing fee for the appeal, his application is granted.  Although petitioner submitted an incomplete application, submitting only the first page of the application, the accompanying inmate account statement reveals his available balance as of December 21, 2004 as $50.70.  A clerk of this court contacted FMC Devens and was informed that petitioner's available

2

balance as of July 27, 2005 is $1.80.  On this record, the court waives the filing fee for filing a notice of appeal in this action.

## ORDER

Based upon the foregoing, it is hereby

ORDERED, the clerk is directed to docket petitioner's application to proceed without prepayment of fees and accompanying prison account statement; and it is further

ORDERED, petitioner's application is ALLOWED.

SO ORDERED.

| | |
|---|---|
| July 29, 2005 | /s/ Richard G. Stearns |
| DATE | RICHARD G. STEARNS |
| | UNITED STATES DISTRICT JUDGE |